# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| COMPREHENSIVE HEALTH OF PLANNED PARENTHOOD GREAT PLAINS, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 2:16-cv-04313-HFS<br>) |
| PETER LYSKOWSKI, in his official capacity as Director of the Missouri Department of Health and Senior Services, et al. | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## STIPULATED PROTECTIVE ORDER

Now before this Court is the parties' Joint Motion for a Protective Order. Upon consideration, the motion is hereby **GRANTED**. The parties are ordered to comply with the provisions of this Protective Order.

The parties to this lawsuit have stipulated that the disclosures and discovery in this case may involve production of personal, confidential, or closed information and materials. The parties agree that any such personal, confidential, or closed information and materials shall not be made public, or otherwise disseminated, except as set forth in this Protective Order.

Based on the parties' stipulation and agreements, and in order to preserve the confidentiality of certain records and information, and to facilitate discovery, this Court finds that good cause exists for the issuance of this Protective Order. Therefore, this Court **ORDERS** that:

1. This Stipulated Protective Order shall apply to all documents, information, testimony and things that are in the custody or possession of the Parties and/or which were received by a Party from a third party and which are properly designated as "CONFIDENTIAL"

by any Party producing the information in discovery.

2. Information shall be deemed "CONFIDENTIAL" if it discloses matters that are closed records under Mo. Ann. Stat. § 197.477, patient records or information, proprietary business information, or other confidential or legally protected information. The identities of hospital representatives with whom Plaintiffs and their physicians and staff have corresponded in an effort to obtain hospital privileges and/or a transfer agreement may be designated "CONFIDENTIAL." The names and personal identifying information of physicians, staff members, or independent contractors of Comprehensive Health of Planned Parenthood Great Plains ("Comprehensive Health") or Reproductive Health Services of Planned Parenthood of the Saint Louis Region ("RHS") may be designated "CONFIDENTIAL."

3. This Court authorizes Plaintiffs, the Director of the Missouri Department of Health and Senior Services, and counsel for the parties and any third-party witnesses to disclose protected health information of patients who have received abortion services at facilities operated by Plaintiff Reproductive Health Services of Planned Parenthood of the St. Louis Region, Comprehensive Health of Planned Parenthood Great Plains, and/or Planned Parenthood of Kansas and Mid-Missouri. Parties obtaining protected health information of such patients pursuant to this order may disclose the protected information to their experts who are employed, retained, or otherwise consulted by counsel of the parties to assist in any way in the preparation and trial of this litigation. This order is intended to authorize such disclosure under 45 C.F.R. §164.512(e)(1) of the privacy regulations promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Nothing in this order shall be construed to authorize any party or any attorney for any party to release, exchange, or submit or share any

protected health information with any other entity, other than as an agent or employee of the attorney or party, or to disclose the protected health information for any purpose other than this litigation. At the conclusion of this litigation all recipients of the protected health information shall return or destroy the protected health information.

4. It shall be the obligation of the parties to mark as "CONFIDENTIAL" any documents or interrogatory responses provided in discovery which a party believes to contain Confidential Information. However, the failure to designate correctly any Confidential Information produced does not waive the protection otherwise attaching to the Confidential Information. Upon a party's realization that particular information was incorrectly designated, or not designated, as Confidential Information, that party shall promptly provide notice to counsel for the other party. Counsel shall then have ten (10) calendar days in which to designate or redesignate Confidential Information. In the interim, the information may not be used in a manner inconsistent with this Order.

5. In producing documents in discovery, a Party may redact the following types of information in order to protect the personal information of individuals: (a) the names of Plaintiffs' physicians, staff members and independent contractors who have not previously been identified in this litigation; (b) the direct contact information for Plaintiffs' physicians, staff members and independent contractors, including telephone numbers, pager numbers, email addresses, and physical addresses; (c) patient identifying and contact information including patient names, dates of birth, telephone numbers, physical addresses, and email addresses; (d) the names and direct contact information, including telephone numbers and email addresses, of hospital representatives with whom Plaintiffs and their physicians and staff have corresponded in

an effort to obtain hospital privileges and/or a transfer agreement. Should the name of one of Plaintiffs' physicians, staff members or independent contractors be redacted, that name shall be replaced with a pseudonym that shall be consistent across all documents produced in discovery. Should a Party wish to redact a type of information not listed in this paragraph, that Party shall consult with all other parties in an attempt to reach an agreement regarding the additional redactions. Should the parties be unable to agree, the Party seeking to redact additional information may seek authorization from the Court to do so.

6. If the receiving party wishes to challenge the designation of a document, thing, or other discovery as Confidential, the receiving party shall notify the producing party in writing. The parties will make good faith efforts to resolve any disputes that may arise under this paragraph. In the event that the parties fail to reach agreement on any such disputes, the party challenging any designation of information as Confidential may file a motion challenging the designation with the Court.

7. If a deposition requires the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice is promptly given to all counsel of record with thirty (30) days after notice by the court reporter of the completion of the transcript. However, the failure to designate correctly any Confidential Information produced does not waive the protection otherwise attaching to the Confidential Information. Upon a party's realization that particular information was incorrectly designated, or not designated, as Confidential Information,

4

that party shall promptly provide notice to counsel for the other party. Counsel shall then have ten (10) calendar days in which to designate or redesignate Confidential Information. In the interim, the information may not be used in a manner inconsistent with this Order.

8. Confidential Information and any documents containing Confidential Information may be used or disclosed solely for the purpose of the preparation and trial of this case, including but not limited to any business purpose or any governmental, administrative, or judicial proceedings.

9. There is no waiver of the attorney-client privilege or the attorney work-product doctrine should any document(s) and/or thing(s) be produced which the producing Party in good faith asserts are covered by the attorney-client privilege or the attorney work-product immunity and which were inadvertently produced. Upon prompt notice by a producing Party and upon a showing of privilege or protection together with a showing of inadvertent production, the receiving Party shall immediately return the originals and all copies of the privileged or immune document(s) or thing(s).

10. Any party that receives Confidential Information through this action shall disclose them only to the following persons ("Authorized Person(s)"):

    a. the parties to this action, as well as employees of the parties to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    b. attorneys in the offices of counsel of record who are actively working on this case, as well as paralegals, clerical staff, and other assistants, whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

5

Case 2:16-cv-04313-BCW   Document 71   Filed 03/15/17   Page 5 of 9

  c. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case; and

  d. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of the action.

  11. In the event any counsel of record determines that persons other than Authorized Persons (identified in Paragraph 10 above) need to review any Confidential Information, written authorization of opposing counsel must be obtained in advance of such disclosure. Should counsel refuse such authorization, the other party may apply to the Court for authorization.

  12. It shall be the responsibility of counsel to bring this Order to the attention of all attorneys in their respective offices, as well as paralegals, clerical staff, and other support staff or assistants actively working on this case, and all expert witnesses and outside consultants to whom they disclose protected material, and to ensure that all such persons comply with the terms of this Order. Except for counsel of record in this action, and those persons described in Paragraph 10(b) and (d), any persons to whom Confidential Information is disclosed shall be furnished with a copy of this Protective Order, and a copy of the Declaration in the form of "Attachment A" to this Order, which that person shall read and sign.

  13. If any material designated "CONFIDENTIAL" is to be filed with the court in connection with any proceedings in this action, such material shall be electronically filed as a sealed document in the manner contemplated by the Electronic Case Files CM/ECF, CM/ECF Civil and Criminal Administrative Procedures Manual and Users Guide for the Western District of Missouri, p. 8 (as revised) and Federal Rule of Civil Procedure 5.2(e). If the filing of a sealed

6

document in paper form is permitted by the Court or local rules, the document shall be filed in a sealed envelope or container prominently marked with the caption of the case, a general description of the contents of the envelope or container, and the notation:

**FILE UNDER SEAL. CONTAINS CONFIDENTIAL INFORMATION COVERED BY PROTECTIVE ORDER. TO BE OPENED ONLY (1) BY OR AS DIRECTED BY THE COURT OR (2) BY WRITTEN AGREEMENT OF THE PARTIES.**

Alternatively, a party may redact Confidential Information contained in documents filed with the Court.

14. The duty to keep confidential any Confidential Information or documents designated as containing Confidential Information survives the completion of this case. At the conclusion of this case, the Confidential Information provided by any party—except for any sealed portions or any depositions and any documents filed under seal with the Court or any appellate court—shall be destroyed or returned to the entity who produced them within sixty (60) days of the conclusion of the final proceeding in this litigation. Any Confidential Information in the custody of counsel or the parties which is modified to reflect attorney work product or attorney client communication shall be destroyed by counsel, rather than returned to the providing party, and counsel shall certify in written correspondence that any such documents have been destroyed.

15. Nothing in this Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of any information sought.

16. Nothing in this Order shall prevent any party from seeking a modification of, or appropriate relief from, any provision herein. Nor does anything in this Order prevent any party or entity from seeking further protection for Confidential Information or documents containing

7

Confidential Information.

17. The termination of this litigation shall not relieve any person or party that has received Confidential Information of his, her, or its obligations under this Order.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

COMPREHENSIVE HEALTH OF PLANNED )
PARENTHOOD GREAT PLAINS, et al. )
)
)
              Plaintiffs, )
)
v. )   Case No. 2:16-cv-04313-HFS
)
PETER LYSKOWSKI, in his official capacity )
as Director of the Missouri Department of )
Health and Senior Services, et al. )
)
              Defendants. )

## ATTACHMENT A

The undersigned agrees as follows:

1. I have received a copy of the Stipulated Protective Order entered by the Court in the above-captioned case.

2. I have reviewed the Stipulated Protective Order and hereby agree to be bound by its terms and provisions and subject to the jurisdiction of this Court for enforcement of the Order.

Dated: _____

                      Name: _____

                      Signature: _____