IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

COMPREHENSIVE HEALTH OF PLANNED )
PARENTHOOD GREAT PLAINS, et al. )
                                      Plaintiffs, )

v. ) Case No. 2:16-cv-04313-HFS

DR. RANDALL WILLIAMS, in his official )
capacity as Director of the Missouri )
Department of Health and Senior Services, )
et al., )
                                      Defendants. )

## ORDER DENYING STAY OF PRELIMINARY INJUNCTION

For reasons stated in Doc. 93, a preliminary injunction was granted in Doc. 97, invalidating the State's requirements, pending litigation, that (1) doctors performing abortions must have patient-admitting privileges at a nearby hospital and (2) abortion clinics must comply with certain ambulatory surgical center requirements (even when participating in medicinal abortions).[1] Now pending is the State Defendants' Motion for a stay pending appeal. Doc. 99. I understand briefing is closed.

The State Defendants first urge a "jurisdictional" bar, asserting prematurity because they say there is no live controversy absent various applications to hospitals

---

[1] The surgical center requirement invalidation was limited temporarily in response to jointly-proposed language of counsel.

[1]

(by plaintiff doctor) or to the regulatory Department (by clinics). This was dealt with in Doc. 66. Further articulation would be superfluous. The State Defendants have cited no supporting authority from abortion litigation, which has been voluminous. There is a live controversy unless the statutes and regulations are "moribund." Doe v. Bolton, 410 U.S. 179, 188 (1973). Ripeness was dealt with in my prior ruling, and is not further argued here, or referred to in oral argument.

The preliminary injunction merits also need little elaboration from what was said in Doc. 93. Both publicly and in the motion to stay the State Defendants assert they are protecting abortion patients' health in this litigation. The converse is demonstrably true. Women seeking abortions in Central Missouri and Southwest Missouri but who are unable to obtain help from a local clinic can deal with an unwanted pregnancy in three ways. Some can obtain an abortion at a distant clinic; some can attempt to self-abort or seek unprofessional service; others can submit to an unwanted birth. The absence of a nearby professional abortion clinic provides no safety advantage for any of the three groups. Birthing, compared with abortion, increases patient danger 14 times in the United States, according to the Supreme Court. Whole Woman's Health v Hellerstedt, 136 S.Ct 2292, 2315 (2016). Many persons will welcome the birthing option, other than the prospective mother, but it cannot be claimed as a health measure, unless the State Defendants want me to argue with the Supreme Court.[2] The third group is forced into a

---

[2] Based on briefing and discovery requests, the State Defendants apparently want me to "correct" the Supreme Court on the underlying facts accepted and announced as the views of the majority in the Texas case. They have had several opportunities to offer legal support for such a practice and have not done so. To change an analogy used earlier, that is like asking district judges to reject the authority of District of Columbia v. Heller, 554 U.S. 570 (2008) by saying that Justice Scalia got his history wrong and the

[2]

very dangerous situation by the absence of a local clinic.  It is hard to believe that the State Defendants would urge desperate women who reject the birthing option to avoid a clinic and seek the "safety" of self-abortion or back-alley abortions, but they offer no logic or argument to the contrary. They are asking the courts to maintain these unsafe options pending litigation.[3]

      For reasons stated here, in my prior grant of relief to plaintiffs pending litigation, and in plaintiffs' suggestions (Doc. 105), the motion to stay (Doc. 99) is hereby DENIED.

      /s/  Howard F. Sachs           .
      Howard F. Sachs
      United States District Judge

May 17th, 2017
Kansas City, Missouri

---

decision should be confined to the District of Columbia law there in question. That may be a good academic exercise but is not suitable for a district judge.

[3] A new authority favoring relief now is the permanent injunction in  June Medical Services LLC v. Kleibert, 2017 WL 1505596 (M.D. La.) where a preliminary injunction against a hospital admitting requirement was granted before Hellerstedt, was then stayed by the Fifth Circuit,  and restored by the Supreme Court,  with one dissent, shortly before the Texas decision. June Medical Services, LLC v. Gee, 136 S. Ct. 1354 (2016).