IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION


COMPREHENSIVE HEALTH OF PLANNED )
PARENTHOOD GREAT PLAINS, et al. )
                                                )
              Plaintiffs,    )
                                                )
v.                                        )   Case No. 2:16-cv-04313-HFS
                                                )
DR. RANDALL WILLIAMS, in his official )
capacity as Director of the Missouri )
Department of Health and Senior Services, )
et al.,                                      )
                                                )
              Defendants.   )


## **MEMORANDUM TO COUNSEL**

      The Court of Appeals having denied a stay without prejudice, I assume the parties are focused on clinic licensing and resubmission of a stay motion prior to the opening of clinics. My reading of the briefing suggests some deficiency on both sides (and by me) in fleshing out the dispute over the binding effect of Supreme Court pronouncements of "underlying facts" in <u>Hellerstedt</u>. I have summarily stated that the lower federal courts "cannot second-guess the Supreme Court" regarding such facts, citing <u>MKB Management Corp. v. Stenehjem,</u> 795 F.3d 768, 772 (8th Cir. 2015). The best Eighth Circuit explanation may be in Judge Bye's opinion in <u>Carhart v. Gonzalez</u>, 413 F.3d 791, 799-801 (8th Cir. 2005) (writing for Judges Fagg and Loken) (distinguishing between "adjudicatory facts" and "legislative facts," sometimes referred to as "social facts"). While <u>Carhart</u> was reversed on the merits, the procedural point

[1]

seems not to have been questioned. The Gonzalez ruling itself reaffirmed the special status of appellate "factual findings where constitutional rights are at stake." Gonzalez v. Carhart, 550 U.S. 124, 168 (2007). The State Defendants are relying on "collateral estoppel" and the "fundamental" distinction between findings of fact and conclusions of law (Reply in Court of Appeals, page 7), apparently in connection with adjudicatory facts in private litigation.

Judge Easterbrook supports the view I have expressed when he says, "[a]fter a majority of the Supreme Court has concluded that photo ID requirements promote confidence, a single district judge cannot say as a 'fact' that they do not even if 20 political scientists disagree with the Supreme Court." Frank v. Walker, 768 F.3d 744, 750 (7th Cir. 2014). Judge Posner, writing for half the judges on the Circuit, dissented from denial of a rehearing, but the Posner opinion attempts to distinguish rather than to take issue with the Supreme Court. Frank v. Walker, 773 F.3d 783 (7th Cir. 2014).

In the previously cited decision of the Missouri Supreme Court in State ex rel. Simmons v. Roper, 112 S.W.3d 397 (2004), where the State Defendants contend the United States Supreme Court was appropriately successfully challenged (over the objection of Justice O'Connor), the Missouri Court did succeed in its view of the merits, but without any endorsement of the procedural impetuousness that was objected to in the dissent (p. 418), joined by Judge Benton.

Accepting my duty as expressed by Judge Easterbrook, the great bulk of material offered by the State Defendants would be rejected as seeking to contradict the factual pronouncements of the Hellerstedt majority. While defendants would ultimately have an

opportunity to ask the Supreme Court to back-track, <u>Hellerstedt</u> would currently be enforced as written.

Presumably these cites and any response in briefing with the Circuit would be of interest to the reviewing judges if there is a renewed motion to stay.

      /s/ Howard F. Sachs   .
   Howard F. Sachs
   United States District Judge

June 8, 2017
Kansas City, Missouri