IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| COMPREHENSIVE HEALTH OF PLANNED PARENTHOOD GREAT PLAINS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>JOSHUA D. HAWLEY, in his official capacity as Attorney General of Missouri, et al.<br><br>Defendants. | Case No. 2:16-cv-04313-BCW |

## PLAINTIFFS' SECOND MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND EXPEDITED BRIEFING AND CONSIDERATION

Plaintiffs hereby move this Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order and/or preliminary injunction, enjoining Defendants from enforcing Missouri's requirement that physicians who provide abortion have privileges at a hospital within a specified distance from a health center ("Privileges Requirement"), codified at Mo. Rev. Stat. § 188.080; Mo. Rev. Stat. § 188.027(1)(1)(e), as to Plaintiff Comprehensive Health's abortion facility in Columbia, Missouri.[1]

On September 10th, the Eighth Circuit vacated the preliminary injunction previously entered by this Court (Sachs, J.) in May 2017, in a narrow opinion that (in relevant part) noted its concern that this Court failed to make adequate findings about the safety of abortion in Missouri,

---

[1] Plaintiffs previously sought and obtained a preliminary injunction against Missouri's Hospital Relationship Restriction, which is comprised of the Privileges Requirement and the alternative option, available only in certain statutes and regulations, that an abortion facility have a transfer agreement with a local hospital. *See* Mo. Rev. Stat. § 197.215; Mo. Code Regs. Ann. tit. 19, §30–30.060(1)(C)(4). Because the Columbia facility has a transfer agreement with a local hospital, Plaintiffs at this time seek only an injunction of the Privileges Requirement.

relying instead on the Supreme Court's findings about abortion safety in *Whole Woman's Health v. Hellerstedt,* 136 S. Ct. 2292 (2016), *as revised* (June 27, 2016). Plaintiffs now seek a second, limited temporary restraining order and/or preliminary injunction of the Privileges Requirement as to a single health center, the Columbia health center, in order to prevent that health center—one of only two in the entire state that is currently able to provide abortions—from being forced to suspend services.

Because the parties already engaged in expedited discovery and extensive briefing on identical issues prior to the last preliminary injunction, there is more than ample evidence in the record, as well as the limited updated declarations filed with Plaintiffs' motion, for the Court to make the necessary findings that abortion in Missouri (as in the United States as a whole) is extremely safe, and that that the Privileges Requirement does not advance the state's interest in women's health. Moreover, without further relief from this Court, at least 22% of women seeking abortion at the Columbia facility will be prevented entirely from exercising their constitutional right to choose, due to their inability to travel the long distance to obtain an abortion in St. Louis. Others will be delayed or otherwise burdened by having to make the long trip.

As is more fully explained in the accompanying suggestions in support of this motion and the declarations filed therewith, a temporary restraining order and/or preliminary injunction are warranted because (1) Plaintiffs are likely to succeed on their claim that the hospital privileges requirement violates the constitutional rights of Comprehensive Health's Columbia patients; (2) injunctive relief is necessary to prevent irreparable harm to those patients; (3) the balance of equities tips strongly in favor of Plaintiffs and their patients; and (4) the public interest will be served by an injunction.[2]

---

[2] This Motion is also based upon the Complaint filed in this case, the declarations submitted in

The vacatur of the prior preliminary injunction of the Hospital Relationship Restriction will force the Columbia health center to shut down abortion services as of October 1, the date the mandate will issue from the Eighth Circuit. The Columbia health center has abortion procedures scheduled on October 3, 2018, so needs relief by that date in order to avoid cancelling patient appointments. Plaintiffs therefore request an expedited briefing schedule, hearing, and ruling on this motion prior to October 3, in order to avoid an interruption in abortion services in Columbia and irreparable harm to Plaintiffs' patients.

Respectfully submitted,

ARTHUR BENSON & ASSOCIATES

*s/ Arthur A. Benson II*

Arthur A. Benson II, Mo. Bar No. 21107
Jamie Kathryn Lansford Mo. Bar No. 31133
Arthur Benson & Associates
4006 Central Avenue
Kansas City, Missouri 64111
(816) 531-6565
(816) 531-6688 (telefacsimile)
abenson@bensonlaw.com

and

PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.

*s/ Melissa A. Cohen*

Melissa A. Cohen (*admitted pro hac vice*)
Jennifer Sandman (*admitted pro hac vice*)
Planned Parenthood Federation of America, Inc.
123 William Street
New York, New York 10038
(212) 541-4649
(212) 247-6811 (telefacsimile)
melissa.cohen@ppfa.org
jennifer.sandman@ppfa.org

---

support of Plaintiffs' previous Motion for Preliminary Injunction, ECF No. 14 (Dec. 12, 2016), and this Court's Orders granting said Motion, ECF Nos. 93, 97 (April 19, 2017, May 2, 2017).

## CERTIFICATE OF SERVICE

      I hereby certify that on September 19, 2018 a copy of the foregoing has been served upon all counsel of record in this action by electronic service through the Court's CM/ECF system.

/s/ Melissa A. Cohen
Melissa A. Cohen
