IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| COMPREHENSIVE HEALTH OF PLANNED PARENTHOOD GREAT PLAINS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PETER LYSKOWSKI, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 2:16-CV-04313-BCW |

## ORDER

Before the Court is Plaintiffs' Second Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. #132). The Court, being duly advised of the premises, denies said motion without prejudice.

## BACKGROUND

On November 30, 2016, Plaintiffs Comprehensive Health of Planned Parenthood Great Plains, Reproductive Health Services of Planned Parenthood of the St. Louis Region, and Ronald N. Yeomans, M.D. ("Plaintiffs") filed claims against Josh Hawley in his official capacity as Missouri Attorney General and Dr. Randall Williams in his official capacity as Director of the Missouri Department of Health and Senior Services, among others ("Defendants"). Plaintiffs' complaint includes claims for violation of substantive due process and equal protection relating to the Ambulatory Surgical Center ("ASC") restriction and the Hospital Relationship Requirement.[1]

---

[1] In their first motion for preliminary injunction (Doc. #1), that was granted by this district court (Doc. #93) and later vacated by the Eighth Circuit (Doc. #131-1), Plaintiffs also sought to enjoin the Missouri restriction requiring facilities which provide abortion services to be licensed as ambulatory surgical centers ("ASCs") -- Mo. Rev. Stat. §197.200 ("ASC Requirement"). The ASC requirement is not at issue for purposes of the instant motion. Further, to the extent Plaintiffs' first motion for preliminary injunction also sought to enjoin the requirement of a relationship with a local hospital ("Hospital Relationship Requirement") – Mo. Rev. Stat. §197.215, only the admitting privileges restriction

1

On Plaintiffs' motion, the district court preliminarily enjoined enforcement of both the ASC restriction and the Hospital Relationship Requirement. On September 10, 2018, the Court of Appeals for the Eighth Circuit vacated the preliminary injunction in its entirety, and remanded the matter back to the district court for proceedings consistent with its opinion. The Eighth Circuit issued its mandate on October 1, 2018.

Plaintiffs filed the instant motion on September 19, 2018 seeking a limited temporary restraining order and/or preliminary injunction against Mo. Rev. Stat. §§ 188.080 and 188.027(1)(1)(e) (together "Privileges Requirement"), which require abortion providers to have local hospital admitting privileges to avoid criminal charges, and to inform patients of those local hospital admitting privileges. Plaintiffs seek relief with respect Plaintiffs' health center located in Columbia, Missouri, which only provides surgical abortions.[2]

On October 1, 2018, the Court heard argument on Plaintiffs' second motion for injunctive relief. The Court, having considered the parties' briefs, arguments, and the record as a whole, denies Plaintiffs' request for injunctive relief without prejudice to reassertion.

## LEGAL STANDARD

Standing is a "jurisdictional prerequisite" the Court must consider as a threshold issue. Bernbeck v. Gale, 829 F.3d 643, 646 (8th Cir. 2016) (citing Curtis Lumber Co. v. La. Pac. Corp., 618 F.3d 762, 770 & n.2 (8th Cir. 2010)). To satisfy "the irreducible constitutional minimum of standing," a plaintiff must establish an injury-in-fact, causation, and redressability. Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) (internal quotation marks and citation omitted).

---

("Privileges Requirement"), which is one of the Hospital Relationship Requirement provisions, is relevant for purposes of the instant motion.

A plaintiff may establish redressability by showing "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 181 (2000). Redressability cannot be established when "there exists an unchallenged, independent rule, policy, or decision that would prevent relief even if the court were to render a favorable decision." Doe v. Virginia Dep't of State Police, 713 F.3d 745, 756 (4th Cir. 2013).

## DISCUSSION

Defendants argue the Court should deny Plaintiffs' motion for injunctive relief on the basis that Plaintiffs lack standing at this time. Defendants argue Plaintiffs cannot establish the redressability requirement to challenge the Privileges Requirement because the Columbia health center is currently non-compliant with sanitation regulations.

The Missouri Department of Health and Senior Services ("DHSS") issues Medical Treatment Facility Licenses if a facility "meets the requirements established under sections 197.200 to 197.240, and have provided affirmative evidence" of other enumerated assurances. Mo. Rev. Stat. § 197.215.1-.4. Further, DHSS is authorized to promulgate reasonable rules and regulations "as are necessary to carry out the provisions of sections 197.200 to 197.240 . . . ." Mo. Rev. Stat. § 197.225. With reference to "Procedures for Licensing Abortion Facilities," DHSS rules state: "[n]o license shall be issued or renewed by the department until the department has inspected the facility and determined that it is in compliance with all requirements of applicable regulations and statutes." Mo. Code Regs. Ann. 19 CSR § 30-30.050(2)(I). Additionally, DHSS regulations require abortion facilities to ensure the provision of "acceptable care in a safe environment and in accordance with all legal requirements and standards of care." Mo. Code Regs. Ann. 19 CSR § 30-30.050(2)(I).

In this case, the Columbia health center's license expired on October 2, 2018. Though the Columbia health center sought renewal of its license, a DHSS inspection resulted in the conclusion that the Columbia health center could not be licensed until it complied with all relevant sanitation requirements. Defendants cite to instances of moldy and rusty equipment observed by DHSS during a September 26, 2018 inspection of the Columbia health center.

Plaintiffs seek injunctive relief against the Privileges Requirement on or before October 3, 2018, because Plaintiffs have patients scheduled for treatment on that day. However, at this time, Plaintiffs' license expired on October 2, 2018, and there is no indication that Plaintiffs have corrected the sanitation issues identified by DHSS during its recent inspection in a manner that the only barrier to licensure of the Columbia health center is the Privileges Requirement.

Plaintiffs concede that even if they are entitled to injunctive relief, they cannot operate and/or see patients at the Columbia health center until the DHSS issues a license for operation. Plaintiffs also concede the state will not issue a license until the Columbia health center complies with sanitation regulations, and DHSS approves them through a subsequent inspection. The Court has received no indication that Plaintiffs have corrected the issues identified by DHSS as of the date of this order.

Based on the current record, even if the Court entered injunctive relief against the Privileges Requirement as of today's date, the Columbia health center may not provide treatment because DHSS has not yet approved the Columbia health center as compliant with all aspects of state sanitation regulations. At this point in this litigation, "there exists an unchallenged, independent rule, policy, or decision that would prevent relief even if the court were to render a favorable decision." Va. Dep't of State Police, 713 F.3d at 746. Therefore, the Court cannot conclude Plaintiffs' claims are justiciable at this time. Accordingly, it is hereby

ORDERED Plaintiffs' Second Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. #132) is DENIED WITHOUT PREJUDICE. Plaintiffs are granted leave to reassert the motion at such time as DHSS determines the Columbia health center is compliant with all other requirements for licensure, with the exclusion of the Privileges Requirement.

IT IS SO ORDERED.


DATE: <u>October 3, 2018</u>                     <u>/s/ Brian C. Wimes</u>
                                                           JUDGE BRIAN C. WIMES
                                                           UNITED STATES DISTRICT COURT