IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

COMPREHENSIVE HEALTH OF PLANNED )
PARENTHOOD GREAT PLAINS, et al. )
)
                Plaintiffs, )
)
v. ) Case No. 2:16-cv-04313-BCW
)
JOSHUA D. HAWLEY, in his official capacity )
as Attorney General of Missouri, et al. )
)
                Defendants. )

**PLAINTIFFS' RENEWED SECOND MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs hereby renew the motion pursuant to Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order and/or preliminary injunction, enjoining Defendants from enforcing Missouri's requirement that physicians who provide abortion have privileges at a hospital within a specified distance from a health center ("Privileges Requirement"), codified at Mo. Rev. Stat. § 188.080; Mo. Rev. Stat. § 188.027(1)(1)(e), as to Plaintiff Comprehensive Health's abortion facility in Columbia, Missouri.[1]

On September 10th, the Eighth Circuit vacated the preliminary injunction previously entered by this Court (Sachs, J.) in May 2017, in a narrow opinion that (in relevant part) noted its concern that this Court failed to make adequate findings about the safety of abortion in Missouri, relying instead on the Supreme Court's findings about abortion safety in *Whole Woman's Health*

---

[1] Plaintiffs previously sought and obtained a preliminary injunction against Missouri's Hospital Relationship Restriction, which is comprised of the Privileges Requirement and the alternative option, available only in certain statutes and regulations, that an abortion facility have a transfer agreement with a local hospital. *See* Mo. Rev. Stat. § 197.215; Mo. Code Regs. Ann. tit. 19, §30–30.060(1)(C)(4). Because the Columbia facility has a transfer agreement with a local hospital, Plaintiffs at this time seek only an injunction of the Privileges Requirement.

*v. Hellerstedt,* 136 S. Ct. 2292 (2016), *as revised* (June 27, 2016). Plaintiffs on September 19 sought a second, limited temporary restraining order and/or preliminary injunction of the Privileges Requirement as to a single health center, the Columbia health center, in order to prevent that health center—one of only two in the entire state that is currently able to provide abortions—from being forced to suspend services. Following briefing and argument, the Court denied Plaintiffs' motion, holding that it was not redressable because the abortion facility license renewal process for the Columbia health center had not yet been completed, and granted leave to Plaintiffs to reassert their motion. Order, ECF No. 147 (Oct. 3, 2018). The licensing process is now complete, and the only remaining impediment to the Department of Health and Senior Services ("DHSS") issuing an abortion facility license to the Columbia health center is the privileges requirement. Plaintiffs therefore renew their motion.

Because the parties engaged in expedited discovery and extensive briefing and expert development in connection with Plaintiffs' first request for a preliminary injunction, and have now engaged in further briefing and expert development in connection with Plaintiffs' second request, there is more than ample evidence in the record for the Court to make the necessary findings that abortion in Missouri (as in the United States as a whole) is extremely safe, and that the Privileges Requirement does not advance the State's interest in women's health. There is similarly ample evidence that when the Columbia health center cannot provide abortions, at least 22% of women in the Columbia area who seek an abortion are prevented from obtaining one, and other women are delayed or otherwise burdened.

As is more fully explained in the accompanying suggestions in support of this motion and the declarations filed therewith, as well as Plaintiffs' Suggestions in Support of Renewed Second Motion for Preliminary Injunction, ECF No. 133, and accompanying declarations, a preliminary

injunction is warranted because (1) Plaintiffs are likely to succeed on their claim that the hospital privileges requirement violates the constitutional rights of Comprehensive Health's Columbia patients; (2) injunctive relief is necessary to stop ongoing irreparable harm to those patients; (3) the balance of equities tips strongly in favor of Plaintiffs and their patients; and (4) the public interest will be served by an injunction.[2]

Because the parties engaged in expedited discovery and extensive briefing and expert development in connection with Plaintiffs' first request for a preliminary injunction, and have now engaged in further briefing and expert development in connection with Plaintiffs' Second PI Motion, the Court at this point has all the evidence and argument it needs to rule on Plaintiffs' motion. Should Defendants seek additional briefing, Plaintiffs would request that any schedule be set that allows a ruling prior to January 28, when abortion patients are scheduled to be seen at the Columbia health center.

Respectfully submitted,

ARTHUR BENSON & ASSOCIATES

*s/ Arthur A. Benson II*
Arthur A. Benson II, Mo. Bar No. 21107
Jamie Kathryn Lansford Mo. Bar No. 31133
Arthur Benson & Associates
4006 Central Avenue
Kansas City, Missouri 64111
(816) 531-6565
(816) 531-6688 (telefacsimile)
abenson@bensonlaw.com

---

[2] This Motion is also based upon the Complaint filed in this case, the declarations submitted in support of Plaintiffs' previous Motion for Preliminary Injunction, ECF No. 14 (Dec. 12, 2016), and this Court's Orders granting said Motion. *See* Mem. and Order ECF No. 93 (April 19, 2017) and Order Granting Prelim. Inj., ECF No. 97 ( May 2, 2017).

and

PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.

*s/ Jennifer Sandman*

Melissa A. Cohen (*admitted pro hac vice*)
Jennifer Sandman (*admitted pro hac vice*)
Planned Parenthood Federation of America, Inc.
123 William Street
New York, New York 10038
(212) 541-4649
(212) 247-6811 (telefacsimile)
melissa.cohen@ppfa.org
jennifer.sandman@ppfa.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2018 a copy of the foregoing has been served upon all counsel of record in this action by electronic service through the Court's CM/ECF system.

/s/ Jennifer Sandman
Jennifer Sandman
