IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| COMPREHENSIVE HEALTH OF PLANNED PARENTHOOD GREAT PLAINS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RANDALL WILLIAMS, et al., <br><br> Defendants. | Case No. 2:16-CV-04313-BCW |

## ORDER

Before the Court is Plaintiffs' Motion to Extend Stay, or in the Alternative, to Dismiss Without Prejudice. (Doc. #201). The Court, being duly advised of the premises, grants said alternative motion and dismisses without prejudice the above-captioned matter.

## BACKGROUND

On March 6, 2019, Plaintiffs filed a motion to stay this case until (1) the Supreme Court of the United States issued a decision in June Medical Services, L.L.C. v. Gee, 905 F.3d 787, 790 (5th Cir. 2018); and (2) resolution of Plaintiff Reproductive Health Services of Planned Parenthood of the St. Louis Region's waiver requests relating to its facility in Springfield, Missouri. (Doc. #188).[1] On April 9, 2019, over Defendants' objection, the Court granted in part and denied Plaintiffs' motion (Doc. #196). Specifically, the Court granted the motion to stay for 120 days, thus denying the stay as to the requested duration. Further, the Court set this case for status conference by telephone on August 12, 2019. (Doc. #196). The stay expired on August 7, 2019.

---

[1] RHS is no longer pursuing the facility waiver process.

1

On August 2, 2016, Plaintiffs filed the instant motion to extend the stay, or in the alternative, to dismiss this case without prejudice. (Doc. #201). On August 6, 2019, Defendants filed opposition suggestions (Doc. #203), and Plaintiffs replied on August 8, 2019 (Doc. #204).

During the status conference on August 12, 2019, the Court heard summary arguments from the parties with respect to the motion to extend the stay and/or to dismiss without prejudice. The Court, having considered the parties' arguments, the briefing on the motion, and the applicable law, grants Plaintiffs' alternative motion to dismiss their claims without prejudice.

## LEGAL STANDARD

A district court has broad discretion to stay proceedings. Clinton v. Jones, 520 U.S. 681, 706 (1997). This discretion is incidental to a court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). A stay may be appropriate if it is "in the interests of justice and judicial economy in order to prevent waste of resources, avoid inconsistent rulings, and reduce uncertainty." Express Scripts, Inc. v. Aegon Direct Mktg. Servs., No. 4:06-CV-1410 CAS, 2007 WL 1040938, at *3 (E.D. Mo. Apr. 3, 2007).

Further, pursuant to Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Whether a plaintiff should be permitted to voluntarily dismiss a case without prejudice falls within the district court's discretion. Thatcher v. Hanover Ins. Grp., Inc., 659 F.3d 1212, 1213-15 (8th Cir. 2011) (citing Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir. 1999)). In considering whether dismissal without prejudice is appropriate, the following factors are relevant: "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would

result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants."
Id.

## ANALYSIS

Plaintiffs seek extension of the stay in this matter pending completion of the Supreme Court's proceedings in June Medical Center. In the alternative to extending the stay, Plaintiffs seek voluntary dismissal of this matter without prejudice. Defendants Schmitt, Williams, and Patterson oppose Plaintiff's extension motion, while Defendant Knight takes no position with respect to the extension request. Defendants Schmitt, Williams, Patterson, Baker, and Kenney do not oppose Plaintiff's alternative motion for voluntary dismissal, while Defendant Knight takes no position with respect to the alternative request.

The Court is not inclined to stay this matter pending the Supreme Court's determination in June Medical Center. While probable the Supreme Court's ruling in that case will be instructive in resolving Plaintiffs' claims, the Court is not inclined to enter an indefinite stay of this case. While Plaintiffs assert the Supreme Court will consider whether to grant the petition for writ of certiorari in June Medical Center in October 2019, the Supreme Court's decision to hear the case will likely necessitate a further extension of the stay. In the event the Supreme Court denies cert in June Medical Center, extending the stay in this case would only delay resolution Plaintiff's claims in this Court. Therefore, the Court, within its discretion and having considered the relevant factors, denies Plaintiff's motion to extend the stay.

By contrast however, the Court grants Plaintiff's alternative motion for voluntary dismissal without prejudice. Plaintiffs assert that because the only issue remaining in this case is the Hospital Privileges Requirement at the Columbia facility, and this Court has denied Plaintiffs' motion for preliminary injunction based on this issue, pursuing this litigation on the merits would be an

3

inefficient use of resources for the parties and the Court at this time. Additionally, Plaintiffs argue that dismissal at this stage would promote judicial economy by avoiding further litigation without the benefit of "further guidance from the Supreme Court," or any other change in circumstances. Finally, Plaintiffs argue Defendants will not be prejudiced by voluntary dismissal because though this case was filed on November 11, 2016, this litigation has not progressed on its merits. The Court, within its discretion, for the reasons set forth in Plaintiffs' alternative motion, and with Defendants having no objection, grants Plaintiff's motion for voluntary dismissal. Accordingly, it is hereby

ORDERED Plaintiffs' Motion to Extend Stay, or in the Alternative, to Dismiss Without Prejudice (Doc. #201) is GRANTED IN PART and DENIED IN PART. The motion to stay is denied and the motion to dismiss without prejudice is granted. It is further

ORDERED this matter is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: <u>August 13, 2019</u>                    /s/ Brian C. Wimes
                                                 JUDGE BRIAN C. WIMES
                                                 UNITED STATES DISTRICT COURT